47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Arthur MARTIN, Plaintiff/Appellant,
v.
Howard A. PETERS, III, Warden, Gary Borling, Counselor,
Steve Gragert, Investigator, et al., Defendants/Appellees.
 No. 93-1972.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1994.*
Decided Jan. 10, 1995.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Arthur Martin appeals the district court's decision to grant summary judgment for the defendants in this case. We affirm.
 
 
 2
 Martin, an inmate at the Pontiac Correctional Center in Pontiac, Illinois, was placed in administrative segregation pending a disciplinary investigation. Ten days after the disciplinary report was issued, the Adjustment Committee held a hearing and found Martin guilty of conspiracy and drug offenses. He was ordered confined for one year in segregation. Martin filed two grievances and the second was successful. The Administrative Review Board expunged the report and ordered Martin released from segregation because the disciplinary hearing was untimely: it should have been held within eight days of the report being issued. At the time of Martin's release from confinement he had served 90 days in segregation. Martin brings this Sec. 1983 civil rights action seeking compensation for procedural due process violations and for unconstitutional conditions of confinement. Martin alleged the cell in the segregation unit was without properly functioning lights and without running water for a number of days. Further, Martin argues that he was denied his personal property and articles of hygiene for 72 hours. The district court found no merit in plaintiff appellant's allegations and granted the defendants' motion for summary judgment. Martin appeals.
 
 
 3
 "We review a district court's grant of summary judgment de novo, and we accept all facts and inferences in the light most favorable to the nonmoving party." Pardo v. Hosier, 946 F.2d 1278, 1280 (7th Cir.1991) (citations omitted). "We review procedural due process claims in two steps: we determine whether there was a deprivation or interference with a protected liberty or property interest and then, whether the procedures attendant upon the deprivation or interference were constitutionally sufficient." Forbes v. Trigg. 976 F.2d 308, 315 (7th Cir.1992) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)), cert. denied, 113 S.Ct. 1362 (1993). Martin argues that Illinois law creates a liberty interest in convening a hearing within eight days of the issuance of a disciplinary report. We disagree.
 
 
 4
 The regulation at issue, Ill.Admin.Code Tit. 20, Sec. 504.80 (1988), reads in relevant part that: "The Adjustment Committee hearing shall be convened but need not be concluded within eight calendar days after the commission of the offense or its discovery...." This does not create a protected liberty interest. To create a liberty interest, a state law must place substantive limitations on official discretion. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Further, the state regulation must contain mandatory language that directs the decisionmaker to a particular outcome if the regulation's criteria have been met. Thompson, 490 U.S. at 463. "However, the state's use of procedural guidelines, without more, is not sufficient to create a protectible liberty interest." Pardo, 946 F.2d at 1281 (citations omitted). Thus in Pardo, regulations governing administrative segregation did not create a liberty interest in certain procedures because the regulations failed to compel release from segregation if the procedures were not followed. Id., at 1283. Likewise, Sec. 504.80 of the Administrative Code Title 20 does not mandate any particular remedy for an untimely hearing. Thus, we hold there is no protected liberty interest in having a hearing within eight days. Without a liberty interest, there can be no procedural due process violation.
 
 
 5
 Martin also contends that he was subject to cruel and unusual punishment while in segregation. Martin alleged that his cell was without lights and without running water for a number of days. He further alleged that he was denied his personal hygiene supplies for 72 hours. Martin was transferred to another cell in segregation after two months. However, Martin has not described an unconstitutional evironment or alleged that he suffered any physical harm. See Lunsford v. Bennett, 17 F.3d 1574, 1579-80 (7th Cir.1994) (temporary discomfort and deprivation of personal hygiene supplies does not violate the Constitution). We AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record